UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DEBORAH SISEMORE,

        Plaintiff,

   v.

MERCK & COMPANY, INC., PFIZER INC., MCKESSON CORPORATION, and DOES 1 through 100 inclusive

        Defendants.

NO. CIV. S-06-0082 WBS GGH

MEMORANDUM AND ORDER RE: MOTION TO REMAND AND MOTION TO STAY

----oo0oo----

        Plaintiff Deborah Sisemore brought this action in the Superior Court in and for the County of Los Angeles for damages related to her heart attacks allegedly caused by the drugs Vioxx and Bextra. This action was removed to this court on January 12, 2006. Plaintiff now seeks a remand to state court and attorneys' fees incurred in connection with that motion. Defendant Merck opposes the motion to remand and moves the court to stay this case pending transfer to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1407. Likewise, defendant Pfizer opposes the motion to remand and moves the court to stay this case

1

1  pending transfer to the Northern District of California.
2          Defendant Merck is a pharmaceutical company
3  incorporated and having its principal place of business in New
4  Jersey.  Prior to September, 2004, Merck manufactured and
5  marketed Vioxx, a nonsteroidal anti-inflammatory drug ("NSAID")
6  used to treat arthritis and acute pain.  However, on September
7  30, 2004, Merck voluntarily withdrew Vioxx from the market in
8  light of evidence that patients taking the drug experienced
9  cardiovascular complications.
10         Defendant Pfizer is also a pharmaceutical company,
11 incorporated in Delaware and having its principal place of
12 business in New York.  Pfizer manufactures Bextra, another NSAID
13 that competes with Vioxx and allegedly presents similar risks to
14 cardiovascular health.  Like Merck, Pfizer has voluntarily
15 withdrawn Bextra from the market.
16         Multidistrict litigation ("MDL") against Merck, arising
17 from consumption of Vioxx, is currently pending.  On February 16,
18 2005, the Judicial Panel on Multidistrict Litigation ("JPML")
19 consolidated 138 federal cases involving Vioxx and transferred
20 them to the Eastern District of Louisiana.  See MDL Panel Docket
21 Nos. 1657 and 1699, CTO-44 and CTO-18 (Mar. 23, 2006).  At last
22 count, 3,256 additional Vioxx cases had been transferred there.
23 Id.  On September 6, 2005, the JPML similarly consolidated cases
24 against Pfizer involving Bextra and Celebrex and transferred them
25 to the Northern District of California.  Id.  Five hundred and
26 four additional cases have since been added to that proceeding.
27 Id.  In cases such as the instant action, where the plaintiff
28 brings claims against both companies, the JPML has elected to

sever the claims and, with the permission of the particular district court, assign them to their respective MDL proceeding. Id.

Plaintiff's suit is, however, further complicated by plaintiff's inclusion of a third defendant. In addition to Merck and Pfizer, the manufacturer defendants, plaintiff has joined the McKesson Corporation, a California corporation allegedly serving as the state's primary distributor of pharmaceuticals. (Pl.'s Opp'n to Def.'s Mot. to Stay Ex. 2 (Wolden Decl. at 39).) Plaintiff, also a citizen of California, contends that McKesson's involvement in this suit rendered Merck's removal of this action improper.

In response, defendants move to stay this action in light of an expected decision by the MDL court to transfer this matter.[1] Merck and Pfizer argue that after the transfer is complete, the MDL court will be in the best position to provide a uniform answer to the question presented here: whether McKesson was fraudulently joined for the purpose of defeating diversity jurisdiction.

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself,

---

[1] Conditional Transfer Order ("CTO") 39 marked this case as potentially transferrable to the MDL proceedings. MDL Panel Docket No. 05-1657 (E.D. La. Dec. 6, 2005) (CTO-39) (docketed Feb. 22, 2006). Plaintiff opposed transfer on February 17, 2006. Id. Consequently, actual transfer of this action has been delayed and may yet be defeated. However, according to Merck, "to date, the Panel has rejected each and every motion to vacate a conditional transfer order that it has taken under consideration." (Def.'s Mot. to Stay 5 n.1.)

3

for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Moreover, a stay, and deference to the MDL transferee court, is particularly appropriate when the parties contest issues that are "likely to arise in other actions pending" in the consolidated proceedings. Conroy v. Fresh Del Monte Produce Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

On January 25, 2006, this court issued a stay in Leeson v. Merck & Co., No. 05-2240. That case, which also involved a plaintiff's motion to remand and defendants' motion to stay, is in many respects identical to the instant matter. Significantly, the parties in Leeson also disputed whether defendant McKesson had been fraudulently joined, an issue which will determine whether plaintiff's case against defendants Merck and Pfizer will proceed in federal or state court. Plaintiff has not attempted to distinguish this court's order in Leeson. Consequently, for the reasons stated in that order, the court will also stay this case.[2]

IT IS THEREFORE ORDERED that:

(1) defendants' motion to stay be, and the same hereby is, GRANTED;

(2) plaintiff's motion to remand be, and the same hereby is, DENIED WITHOUT PREJUDICE; and

(3) plaintiff's motion for attorneys' fees and costs

---

[2] See also Welch v. Merck & Co., Inc., No. S-05-2267, slip op. at 4 (E.D. Cal. Feb. 3, 2006) (documenting "a recent trend in this court to stay the Vioxx products liability cases against Merck" pending transfer to the MDL court).

4

1 | be, and the same hereby is, DENIED.³

2 | DATED: April 5, 2006

*William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

³ An order directing "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" is only warranted when the motion to remand is granted. See 28 U.S.C. § 1447(c).